Fred W. Schwinn (SBN 225575)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California 95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

FILED
MAR 25 2011
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-FILING
ADR

Attorneys for Plaintiff
LISAANN MARIA BETTIN

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| LISAANN MARIA BETTIN,<br><br>Plaintiff,<br><br>v.<br><br>G. REYNOLDS SIMS & ASSOCIATES, P.C., a Michigan corporation; G. REYNOLDS SIMS, individually and in his official capacity; and MIDLAND FUNDING, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. CV 11-01466 HRL<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>15 United States Code § 1692 *et seq.*<br>California Civil Code § 1788 *et seq.* |

Plaintiff, LISAANN MARIA BETTIN (hereinafter "Plaintiff"), based on information and belief and investigation of counsel, except for those allegations which pertain to the named Plaintiff or her attorneys (which are alleged on personal knowledge), hereby makes the following allegations:

**I. INTRODUCTION**

1. This is an action for statutory damages, attorney fees and costs brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 *et seq.* (hereinafter "RFDCPA") which prohibit debt collectors from engaging in abusive, deceptive and unfair practices.

///

2. According to 15 U.S.C. § 1692:

a. There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

b. Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

c. Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

d. Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

e. It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

## II. JURISDICTION

3. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

4. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## III. VENUE

5. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that Defendants transact business in this judicial district and the violations of the FDCPA complained of occurred in this judicial district.

## IV. INTRADISTRICT ASSIGNMENT

6. This lawsuit should be assigned to the San Jose Division of this Court because a substantial part of the events or omissions which gave rise to this lawsuit occurred in Santa Clara County.

## V. PARTIES

7. Plaintiff, LISAANN MARIA BETTIN (hereinafter "Plaintiff"), is a natural person residing in Santa Clara County, California. Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3) and a "debtor" within the meaning of Cal. Civil Code § 1788.2(h).

8. Defendant, G. REYNOLDS SIMS & ASSOCIATES, P.C. (hereinafter "LAW FIRM"), is a Michigan corporation engaged in the business of collecting debts in this state with its principal place of business located at: 2075 West Big Beaver, Suite 200, Troy, Michigan 48084. LAW FIRM may be served as follows: G. Reynolds Sims, Registered Agent, 2075 West Big Beaver, Suite 200, Troy, Michigan 48084. The principal business of LAW FIRM is the collection of debts using the mails and telephone, and LAW FIRM regularly attempts to collect debts alleged to be due another. LAW FIRM is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c).

9. Defendant, G. REYNOLDS SIMS (hereinafter "SIMS"), is a natural person and is

or was an employee, agent, officer and/or director of LAW FIRM at all relevant times. SIMS may be served at his current business address at: G. Reynolds Sims, G. Reynolds Sims & Associates, P.C., 2075 West Big Beaver, Suite 200, Troy, Michigan 48084. SIMS is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c). Plaintiff is informed and believes, and thereon alleges that SIMS is liable for the acts of LAW FIRM because he sets and approves LAW FIRM collection policies, practices, procedures and he directed the unlawful activities described herein.

10. Defendant, MIDLAND FUNDING, LLC (hereinafter "MIDLAND"), is a Delaware limited liability company engaged in the business of collecting debts in this state with its principal place of business located at: 8875 Aero Drive, Suite 200, San Diego, California 92123. MIDLAND may be served as follows: Midland Funding, LLC, c/o Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808. The principal business of MIDLAND is the collection of debts using the mails and telephone, and MIDLAND regularly attempts to collect debts alleged to be originally due another. MIDLAND is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c). MIDLAND is vicariously liable to Plaintiff for the acts of LAW FIRM and SIMS.[1]

11. At all times herein mentioned, each of the Defendants was an officer, director, agent, servant, employee and/or joint venturer of his/her co-defendants, and each of them, and at all said times, each Defendant was acting in the full course and scope of said office, directorship, agency, service, employment and/or joint venture. Any reference hereafter to "Defendants" without further qualification is meant by Plaintiff to refer to each Defendant, and all of them, named above.

## VI. FACTUAL ALLEGATIONS

12. On a date or dates unknown to Plaintiff, Plaintiff is alleged to have incurred a

[1] See, *Fox v. Citicorp Credit Servs.*, 15 F.3d 1507, 1516 (9th Cir. 1994) ("[W]e must conclude that Congress intended the actions of an attorney to be imputed to the client on whose behalf they are taken") and *Martinez v. Albuquerque Collection Servs.*, 867 F. Supp. 1495, 1502 (D. N.M. 1994) ("Debt collectors employing attorneys or other agents to carry out debt collection practices that violate the FDCPA are vicariously liable for their agent's conduct").

financial obligation, namely a consumer credit account issued by Capitol One Bank and bearing the account number XXXX-XXXX-XXXX-9203 (hereinafter "the alleged debt"). The alleged debt was incurred primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and a "consumer debt" as that term is defined by Cal. Civil Code § 1788.2(f).

13. Plaintiff is informed and believes, and thereon alleges that sometime thereafter on a date unknown to Plaintiff, the alleged debt was sold, assigned, or otherwise transferred to MIDLAND.

14. Plaintiff is informed and believes, and thereon alleges that sometime thereafter on a date unknown to Plaintiff, the alleged debt was consigned, placed or otherwise transferred to LAW FIRM and SIMS for collection from Plaintiff.

15. Thereafter, Defendants sent a collection letter to Plaintiff which is a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

16. A true and accurate copy of the collection letter is attached hereto, marked Exhibit "1," and by this reference is incorporated herein.

17. The collection letter (Exhibit "1") is dated June 3, 2010.

18. The collection letter (Exhibit "1") was the first written communication from Defendants to Plaintiff in connection with the collection of the alleged debt.

19. The collection letter (Exhibit "1") states, in relevant part:

> **UNLESS YOU NOTIFY US WITHIN 30 DAYS AFTER RECEIPT OF THIS LETTER THAT THE VALIDITY OF THIS DEBT, OR ANY PORTION OF IT IS DISPUTED, WE WILL ASSUME THAT THE DEBT IS VALID. IF YOU DO NOTIFY US OF A DISPUTE, WE WILL OBTAIN VERIFICATION OF THE DEBT AND MAIL IT TO YOU OR, IF A DEBT IS FOUNDED UPON A JUDGMENT A COPY OF A JUDGMENT. ALSO, UPON YOUR WRITTEN REQUEST WITHIN 30 DAYS, WE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR IF DIFFERENT FROM THE CURRENT CREDITOR.**

20. Plaintiff is informed and believes, and thereon alleges that Defendants have sent standard form collection letters in the form of Exhibit "1" to more than 40 persons in California in the one-year preceding the filing of this Complaint. Therefore, Plaintiff may seek leave to amend this Complaint to add class allegations at a later date.

## VII. CLAIMS

### FAIR DEBT COLLECTION PRACTICES ACT

21. Plaintiff brings the first claim for relief against Defendants under the Federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

22. Plaintiff repeats, realleges, and incorporates by reference all preceding paragraphs as though fully set forth herein.

23. Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

24. Defendant, LAW FIRM, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

25. Defendant, SIMS, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

26. Defendant, MIDLAND, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

27. The financial obligation alleged to be originally owed to Capital One Bank by Plaintiff is a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

28. Defendants have violated the FDCPA. The violations include, but are not limited to, the following:

a. Defendants misrepresented Plaintiff's right to obtain a copy of the debt

verification or judgment against her, in violation of 15 U.S.C. §§ 1692e and 1692e(10);

b. Defendants failed to send Plaintiff a written notice containing a statement that if Plaintiff notifies Defendants in writing within the thirty-day period that the debt, or any portion thereof, is disputed, Defendants would obtain verification of the debt or a copy of a judgment and that a copy of the verification or judgment would be mailed to Plaintiff, in violation of 15 U.S.C. § 1692g(a)(4).

29. Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

30. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to an award of statutory damages, costs and reasonable attorneys fees, pursuant to 15 U.S.C. § 1692k.

**ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

31. Plaintiff brings the second claim for relief against Defendants under the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civil Code §§ 1788-1788.33.

32. Plaintiff repeats, realleges, and incorporates by reference all preceding paragraphs as though fully set forth herein.

33. Plaintiff is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(h).

34. Defendant, LAW FIRM, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

35. Defendant, SIMS, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

36. Defendant, MIDLAND, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

37. The financial obligation alleged to be originally owed to Capital One Bank by Plaintiff is a "consumer debt" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

38. Defendants have violated the RFDCPA. The violations include, but are not limited to, the following:

a. Defendants misrepresented Plaintiff's right to obtain a copy of the debt verification or judgment against her, in violation of Cal. Civil Code § 1788.17;[2]

b. Defendants failed to send Plaintiff a written notice containing a statement that if Plaintiff notifies Defendants in writing within the thirty-day period that the debt, or any portion thereof, is disputed, Defendants would obtain verification of the debt or a copy of a judgment and that a copy of the verification or judgment would be mailed to Plaintiff, in violation of Cal. Civil Code § 1788.17.[3]

39. Defendants' acts as described above were done willfully and knowingly with the purpose of coercing Plaintiff to pay the alleged debt, within the meaning of Cal. Civil Code § 1788.30(b).

40. As a result of Defendants' willful and knowing violations of the RFDCPA, Plaintiff is entitled to an award of a statutory penalty in an amount not less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000) against each Defendant, pursuant to Cal. Civil Code § 1788.30(b).

41. As a result of Defendants' violations of the RFDCPA, Plaintiff is entitled to an Plaintiff statutory damages in an amount not to exceed $1,000 against each Defendant, pursuant to Cal. Civil Code § 1788.17.[4]

42. As a result of Defendants' violations of the RFDCPA, Plaintiff is entitled to an

[2] 15 U.S.C. §§ 1692e and 1692e(10).
[3] 15 U.S.C. § 1692g(a)(4).
[4] 15 U.S.C.§ 1692k(a)(2)(A).

award of reasonable attorney's fees and costs pursuant to Cal. Civil Code §§ 1788.30(c) and 1788.17.[5]

43. Pursuant to Cal. Civil Code § 1788.32, the remedies provided under the RFDCPA are intended to be cumulative and in addition to any other procedures, rights or remedies that the Plaintiff may have under any other provision of law.

## VIII. REQUEST FOR RELIEF

Plaintiff requests that this Court:

a. Assume jurisdiction in this proceeding;

b. Declare that Defendants' collection letter attached hereto as Exhibit "1" violates the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692e, 1692e(10) and 1692g(a)(4);

c. Declare that Defendant's collection letter attached hereto as Exhibit "1" violates the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code § 1788.17;

d. Award Plaintiff statutory damages in an amount not exceeding $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

e. Award Plaintiff a statutory penalty in an amount not less than $100 nor greater than $1,000 against each Defendant, pursuant to Cal. Civil Code § 1788.30(b);

f. Award Plaintiff statutory damages in an amount not exceeding $1,000 against each Defendant, pursuant to Cal. Civil Code § 1788.17;[6]

g. Award Plaintiff the costs of this action and reasonable attorneys fees pursuant to 15 U.S.C.§ 1692k(a)(3) and Cal. Civil Code §§ 1788.30(c) and 1788.17; and

h. Award Plaintiff such other and further relief as may be just and proper.

///

///

[5] 15 U.S.C.§ 1692k(a)(3).
[6] 15 U.S.C. § 1692k(a)(2)(A).

CONSUMER LAW CENTER, INC.

By: /s/ Fred W. Schwinn
Fred W. Schwinn, Esq.
Attorney for Plaintiff
LISAANN MARIA BETTIN

**CERTIFICATION PURSUANT TO CIVIL L.R. 3-16**

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, LISAANN MARIA BETTIN, hereby demands a trial by jury of all triable issues of fact in the above-captioned case.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.

LAW OFFICES
G. REYNOLDS SIMS AND ASSOCIATES, P.C.
2075 West Big Beaver Road
SUITE 200
TROY, MICHIGAN 48084

G. REYNOLDS SIMS
JASON R. SIMS

TELEPHONE (248) 530-3500
FACSIMILE (248) 643-4441
TOLL FREE (877) 632-2945
E-MAIL Sims@GRSIMS.com

JUNE 03RD, 2010

24633

S *****AUTO**MIXED AADC 350
24595-030/15476531100600270/5066 531
LISA A BETTIN
846 SCHIELE AVE
SAN JOSE, CA 95126-2421

55

24633

| **RE:** | **Creditor:** | MIDLAND FUNDING, LLC-CAP ONE |
|---|---|---|
| | **Our Account No.:** | 15476531100600270 |
| | **Original Creditor:** | CAPITAL ONE |
| | **Original Creditor Account No.:** | 5178052493309203 |
| | **Current Balance Claimed Due:** | $1,134.31 |

Dear LISA BETTIN:

Please be advised MIDLAND FUNDING, LLC-CAP ONE, an Assignee of CAPITAL ONE has retained our office to collect the alleged debt of $1,134.31. According to our client's records, LISA BETTIN incurred expenses for defaulting in credit card contract payments from CAPITAL ONE and defaulting on payment of same, in the total amount due and unpaid of $1,134.31.

**UNLESS YOU NOTIFY US WITHIN 30 DAYS AFTER RECEIPT OF THIS LETTER THAT THE VALIDITY OF THIS DEBT, OR ANY PORTION OF IT IS DISPUTED, WE WILL ASSUME THAT THE DEBT IS VALID. IF YOU DO NOTIFY US OF A DISPUTE, WE WILL OBTAIN VERIFICATION OF THE DEBT AND MAIL IT TO YOU OR, IF A DEBT IS FOUNDED UPON A JUDGMENT A COPY OF A JUDGMENT. ALSO, UPON YOUR WRITTEN REQUEST WITHIN 30 DAYS, WE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR IF DIFFERENT FROM THE CURRENT CREDITOR.**

"The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov."

**This letter is from G. Reynolds Sims & Associates, P.C., who is a debt collector. You are put on notice that we are attempting to collect a debt and any information obtained will be used for that purpose.**

**At this time no attorney with our law firm has personally reviewed the particular circumstances of your account.**

G. REYNOLDS SIMS & ASSOCIATES, P.C. IS ONLY LICENCED TO PRACTICE LAW IN THE STATE OF MICHIGAN.

**Very truly yours,**

**G. REYNOLDS SIMS & ASSOCIATES, P.C**




DMIP.CA

531.5066